IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF DELAWARE

JARID L. CUBBAGE,
     Petitioner,

V.

THOMAS CARROLL, Warden,
CARL C. DANBERG,
Attorney General of the
    State of Delaware,
        Respondents.

Civ. Act. No. 05-798-GMS

To scanning

## REPLY OF MOVANT JARID CUBBAGE TO RESPONDENT'S ANSWER

### EXHAUSTION

    The Deputy Attorney General incorrectly argues that Cubbage didn't comply with State procedural requirements regarding the presentation of his substantive claims in the post-conviction proceedings. A petitioner satisfies the exhaustion requirement by invoking "one complete round of the State's established appellate review process" which involves fairly presenting the claim to the State's highest Court, either on direct appeal or in a post-conviction proceeding. 28 U.S.C.A. § 2254(b); McCleaf v. Carroll, 416 F. Supp. 2d 283 (D. Del. 2006); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d (1999) and Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) In Cubbage's appeal to the Supreme Court from the denial of his motion for post-conviction relief in the Superior Court, Cubbage

presented the four claims for review. (Ex. 1-4)   There is
Judicial support for the sensible notion that as long as
there is a "good faith bonafide effort to comply" with the
exhaustion requirement, access to federal court is not
foreclosed. Zolicoffer v. Scott , 55 F. Supp. 2d 1372 (N.D.
69 1999) 252 F.3d 440 (11th Cir. 2001) ; Nyhuis v. Reno , 204
F.3d 65 (3rd Cir. 2000) and Wolff v. Moore , 199 F.3d 324 1999
FED App. 410 (6th Cir. 1999)  Cubbage made an effort to
comply with Superior Court Criminal Rule 61 (i)(3) which
precludes review of claims that were not asserted in
the proceedings leading to the judgment of conviction
unless the movant can establish cause and prejudice
from the procedural default. In his motion for post-
conviction relief, Cubbage stated ineffective assistance
of counsel as cause for his failure to raise the
claims and various prejudice from the different violations.
(Ex 5(a)(b) - 8(a)(b))  The doctrine under which State procedural
defaults are held to constitute an adequate and independant
State law ground barring direct Supreme Court review is
not to be extended to limit the power granted the federal
Courts under the federal habeas statue. Fay v. Noia , 372
U.S. at 399, 83 S. Ct. at 827  If State Court denied
prisoner's claim on alternative grounds, reaching decision
on merits as well as invoking procedural ground, the
State procedural bar is vitiated. Bruni v. Lewis, 847 F.2d
561 (9th Cir. 1988) ; Bradford v. Stone, 594 F.2d 1294 (9th Cir. 1979)
Walker v. Endell, 828 F.2d 1378 (9th Cir. 1987) and Huffman v.
Ricketts, 750 F.2d 798 (9th Cir. 1984)  In the opinion
denying Cubbage's appeal, the Supreme Court Stated "It

is manifest on the face of Cubbage's opening briefs that
this appeal is without merit. The issues raised on appeal
are clearly controlled by settled principles of law, and
there was no error of law in the Superior Court. To
the extent the appeal presents issues of judicial discretion,
clearly there was no abuse of discretion." See (9) of
Supreme Court Opinion. (Ex 9) Thus Cubbage's claims should
be reviewed by the federal Court.

Claim ONE:

   Due process includes fair trial -- Under both the United
States and Delaware Constitution, a defendant in a
criminal case is entitled to due process of law, which
includes a fair trial. U.S.C.A. Amends. 5,14; Benson v. State,
395 A.2d 361 Purpose underlying criminal discovery rules are
to contribute to fair and efficient administration of criminal
justice by providing defendant with enough information to
make an informed decision as to plea, by minimizing
undesirable effect of surprise at trial and by otherwise
contributing to an accurate determination of issue of
guilt or innocence. Fed. Rules Crim. Proc. Rule 16 note
18 U.S.C.A. Lee v. United States, 385 A.2d 159 and
State v. Coelho, R.I. 454 A.2d 241 (1982) It is imperative
that the defense come to trial as well equipped as
possible to raise reasonable doubt in the minds of
one or more of the jurors. State v. Concannon, 457
A.2d 1350 (R.I. 1983) The due process requires that the
defendant to establish the best available defense. U.S.C.A.

Const. Amend. 14 ; See State v. Patriarca, 112 R.I. 14,
37, 308 A.2d 300, 315 (R.I. 1973) The State's Second
discovery response Stated that Wilson substantially
Corroborated Lewis' version and the main inconsistency was
that they each Claimed the other had the gun. (Ex.10)
Taken together with the police report (Ex 11), Lewis' statement
(Ex 12) and Det. Hudson's preliminary hearing testimony that
black disguises were worn during the robbery (Ex 13 Ln. 17-22)
and the only evidence he had against Cubbage were the
Codefendant's statements (Ex 14 Ln. 12-21), it was only natural
that the defense would assume that Wilson testimony would
be that he wore a black disguise. When the State presented
testimony that Wilson wore the red and white doorag during the
robbery (Ex. 15 Ln. 13-19) (Ex 16 Ln. 2-8), surprised the defense. The
doorag testimony caused the jury to believe that Cubbage was
a participant and linked him to the robbery. The red and
white doorag testimony impaired Cubbage's primary defense,
that he was with his mistress at the time of the robbery
and that the State possessed no evidence linking him to
the Burger King robbery. The State's misleading discovery
denied the defendant the opportunity to refute the reliability
of the doorag evidence by having the doorags tested for hair
and saliva samples. The undisclosed testimony denied Cubbage
the opportunity to establish the best available defense required
by due process. State v. Patriarca, 112 R.I. 14, 37. 308
A.2d 300 (R.I. 1973) The unexpected testimony affected the
defendant's federal and State Constitutional rights to
Counsel. See Delahunt v. State, 440 A.2d 133 (R.I. 1982)
and State v. Desroches, 110 R.I. 497, 505, 293 A.2d 913, 918 (1972)

— 4 —

The right to assistance of counsel is one of the
fundamental elements of due process right to a fair trial.
State v. Carralho, 122 R.I. 461, 409 A.2d 132, 134 (1979)   The
undisclosed doorag testimony prevented Mr. Brady from
assisting Cubbage during a critical stage of the proceeding.
United States v. Cronic, 466 U.S. 648, 104 S. Ct. 2039, 80 L.Ed.2d
657 (1984)   Mr. Brady was not fully prepared to advise
Cubbage as to whether the State has sufficient evidence
to convict him or not. Mr. Brady was not fully prepared
at the time as Cubbage's attorney to advise him with
respect to the advisability of a trial or not. Stano v.
Dugger, 889 F.2d 962 (11th Cir. 1989) The undisclosed statement
prevented Mr. Brady from obtaining an expert who could
conduct appropriate tests to properly evaluate the evidence.
Pretrial discovery enables the defendant to make
independant tests, should he so desire. Lee v. United States,
385 A.2d 159

### Ineffective Assistance of Counsel

Mr. Brady was ineffective for not objecting to Wilson's
testimony concerning the red and white doorag. The
undisclosed testimony prevented Mr. Brady from advising
Cubbage as to whether the State had sufficient evidence
to convict Cubbage or not and Mr. Brady, as Cubbage's counsel,
was not prepared to advise Cubbage with respect to the
advisability of a trial or not. Stano v. Dugger, 889 F.2d 962
Mr. Brady was unable to negotiate a plea deal or advise
Cubbage to take the four year plea that the State had
offered. (Ex 17) An attorney's responsibility is to
investigate and to evaluate his client's options in the

cause of the subject legal proceeding and then to advise
the client of the merit of each. Tafero v. Wainwright,
796 F.2d 1314 (11th Cir. 1986) 483 U.S. 1033 107 S.Ct. 3277 97
L.Ed. 2d 782 (1987) and Thompson v. Wainwright, 787
F.2d 1447 (11th Cir. 1986) 481 U.S. 1042 107 S.Ct. 1986, 95
L.Ed. 2d 825  The misleading discovery prevented Mr.
Brady from providing Cubbage with any meaningful legal
assistance and assisting the accused during a critical
stage of the proceeding. Stano v. Dugger, 889 F.2d 962
and United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80
L.Ed. 2d 657 (1984)  Mr. Brady's failure to object to
Wilson's testimony prejudiced the defendant's defense.
The defense was alibi and the defense theory was
Cubbage was with his mistriss at the time of the
robbery and the state had no evidence linking Cubbage
to the Burger King robbery. Mr. Brady's failure to object
to the testimony allowed the state to surprise the
defense and undermine a significant element in
Cubbage's defense. The misleading discovery denied
Mr. Brady the opportunity to refute the reliability
of the doorag evidence by having the doorag tested
for hair and saliva samples. Mr. Brady was prevented
from having an expert who could conduct appropriate
tests to properly evaluate the evidence. Lee v.
United States, 388 A.2d 159

    The defense of alibi was plausible and there
was reasonable chance of success had Mr. Brady
objected to Wilson's testimony and had it excluded.
This isn't a case where the evidence was overwhelming.
Johnson's testimony that Cubbage worked until 9:00 pm

Contradicted Lewis' testimony that Cubbage picked him
up at five or six o'clock. There was no testimony
from Wilson's aunt, Church members or any other
witness placing the defendant and codefendants together
on the night of 2-8-02. Both Lewis and Wilson
testified that Lewis and Cubbage picked Wilson up
from Church and Wilson's aunt wouldn't let him
leave because church wasn't over. Lewis' version that
he, Wilson and Cubbage was in front of Burger King
when Bavil came outside with the trash was inconsistent
with Wilson's version that he and Lewis was in back
of Burger King next to the drive-thru when Bavil came
out with the trash and he did not know where
Cubbage was at. It is impossible for both Lewis and
Wilson to be in the front and back of Burger King
together at the exact same moment in time when
Bavil came out with the trash. Neither codefendant
testified about the phone call the defendant made
to Johnson. The fact that Cubbage possessed a
key to the safe does not prove his guilt because
no witness testified that they seen the defendant
enter the restaurant or with any money plus both
Johnson and Bland possessed keys to the safe and
both came in contact with the safe after the
robbery. Lewis' version that Cubbage was the only one
to go inside the restaurant was contradicted by
Sgt. Swain's testimony that there were three
different sets of footprints found inside the
restaurant. It is impossible for the defendant
to make his footprints plus two extra. Sgt. Swain's

testimony destroys the State's theory that Cubbage went inside to retrieve the money while the Codefendant's waited outside guarding the Complaining witness. There are inconsistencies in the evidence that prevent this case from being overwhelming. See Kleba v. McGinnis, 796 F.2d 947 Had Mr. Brady had the testimony excluded, there is a reasonable probability that the outcome would have been different. The red and white doorag was so important to the State's case that Mr. Adkins, during Closing argument, boosted the reliability of Wilson's testimony and impeaches one of his own witnesses. (Ex 18 Ln. 8-23) (Ex 19 Ln 1-14)

The State violated Cubbage's Due process rights to a fair trial, a trial free from surprise guaranteed by the 14th Amendment and his federal and state Constitutional rights to Counsel. Mr. Brady also denied Cubbage effective assistance of counsel. When Substantial rights of a defendant is prejudiced, reversal is justified. United States v. Arcentales, 532 F.2d 1046 (5th Cir. 1976) and Johnson v. State, Del. Supr. 550 A.2d 903 (1988) The Court Should grant Cubbage's motion for Habeas Corpus relief.

Claim TWO:

Trial Court failure to exclude Wilson's testimony after he testified that he told the truth during the 2-21-02 preliminary hearing

interview or give instructions to the jury after limiting the defense from cross-examining Wilson or Det. Hudson about the interview denied the defendant his right to Confrontation guaranteed by the Sixth Amendment. Wilson testimony that he told the truth to Det. Hudson and his lawyer Mr. Chasanov, implied that he had no motivation to lie. The prosecution was able to introduce evidence that was not subject to Constitutionally adequate cross-examination. The unchallenged testimony was rendered completely trustworthy by the jury. Mr. Brady was unable to question Wilson if he was promised an unsecured bail by the prosecution after implicating Cubbage in the robbery. Of the three defendants, Wilson's bail was the only one reduced to an unsecured bail at his preliminary hearing. A reasonable juror might have received a different impression of Wilson's credibility had Mr. Brady introduced evidence of favorable treatment. The defense was denied an opportunity to cast doubt on the testimony of an adverse witness.

Ineffective Assistance of Counsel

Mr. Brady was ineffective for not requesting that Wilson's testimony regarding the 2-21-02 preliminary hearing to be excluded because the State had not disclosed the notes of that interview and he was unable to examine Wilson. Mr. Brady's failure to have the testimony excluded, allowed for it to go unchallenged and have the jury to render it completely trustworthy. Moffet v. Kolb, 930 F.2d 1161   Mr. Brady failed to

Challenge the testimony by presenting evidence that Wilson was released on an unsecured bail only after he implicated Cubbage. Evidence of favorable treatment of Wilson by the police or prosecutor would have tended to reflect on Wilson's credibility. Wintjen v. State, Del. Supr. 398 A.2d 780  Wilson's testimony was central to the state's case against Cubbage and evidence that tended to discredit Wilson might have significantly affected the outcome of the trial.

The trial court violated the defendant's Six Amendment right to confrontation and Mr. Brady denied Cubbage his Sixth Amendment right to effective assistance of counsel. The Court should grant Cubbage's motion for Habeas Corpus relief.

## Claim THREE

Under the United States and Delaware Constitution, a defendant in a criminal case is entitled to due process of law, which includes a fair trial. U.S.C.A. Const. Amends. 5, 14; Benson v. State, 395 A.2d 361  A defendant is also guaranteed the right to a fair trial free from irrelevant and prejudicial evidence. Dudley v. Duckworth, 854 F.2d 967 (7th Cir. 1988) cert. denied, 490 U.S. 1011, 109 S.Ct. 1655, 104 L.Ed. 2d 169 (1989) and Clark v. Duckworth, 906 F.2d 1174
The principle that a state may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of the witness. The jury's

estimate of the truthfulness and reliability of a
given witness may well be determinative of guilt
or innocence and it is upon such subtle factors
as the possible interest of the witness in testifying
falsely that a defendant's life or liberty may depend.
Napue v. Illinois, 360 U.S. at 269, 79 S.Ct. 1173   The
State introduced doorags, gloves and photographs of
these items during trial. (Ex 20 Ln 11-23) (Ex 21) (Ex22)
(Ex23 Ln 1-8)   The State never connected the fact
of the defendant's possession of the doorags and
gloves with the commission of the crime. Evidence
that the doorags and gloves found in Cubbage's
Car was irrelevant and prejudicial when the state
failed to produce evidence connecting them to
the robbery. The robbery was committed by
suspects wearing disguises that were all black
and not by the doorags and gloves introduced
into evidence. The admission of the doorags,
gloves and photographs was not relevant to show
that Cubbage possessed the means to commit the
crime charged. State v. Villafane, 171 Conn, 644,
675, 372 A.2d 82   Evidence that is speculative is
barred because it permits the jury to draw
unwarranted inferences and speculation creates
prejudice.

        The State continues to incorrectly argue
that Det. Hudson's preliminary hearing testimony
was about DNA or fingerprint evidence. Mr. Barnett

questioned Det. Hudson about finger print
evidence and Det. Hudson stated that he didn't
know if it had been done yet. (Ex 14 Ln 8-11)
Why would Mr. Barnett, an experience defense
attorney ask a follow up question about finger-
print evidence when Det. Hudson stated "It is
in the process of that now, Sir. I don't know
if it's been done yet."? Det. Hudson's response
to Mr. Barnett's question about the evidence
he had against Cubbage was about information
he had received from the two codefendants and
not about DNA or fingerprint evidence. Det.
Hudson boosts the reliability of the testimony
by stating that only people who were there
knew certain elements of what happened. During
the bond hearing, immediately following the
preliminary hearing, Mr. Barnett stated that
Cubbage haven't been convicted of anything yet.
It's going to be a matter of basically whether
or not there are any fingerprints on the weapons
and all the evidence the state has is two
codefendants saying Cubbage did it. (Ex 24 Ln
21-23) (Ex 25 Ln 1-6) It is evident that the two
questions were separate and distinct from each
other. Mr. Adkins who was the prosecutor at
the preliminary hearing and trial, failed to
correct Det. Hudson's trial testimony that
the doorags and gloves were evidence.

Deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of Justice. <u>Giglio v. United States</u>, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972)

The jurors were allowed to consider the doorags, gloves and photographs and false statements as evidence of the defendant's guilt. The doorags, gloves and photographs were used to influence the minds of the jurors. At the very least, the jurors could have believed that Cubbage possessed the means to commit the crime. The testimony of police officers is given credence by members of the jury. <u>Curran v. State</u>, 259 F.2d 707 The jury may well have believed the testimony of Det. Hudson, an 18 year veteran, that the doorags and gloves were evidence of the Burger King robbery.

<u>Ineffective Assistance of Counsel</u>

Mr. Brady was ineffective for failing to object to the admissibility of the doorag and gloves. Federal and State Rule 402 state: Evidence which is not relevant is not admissible. The Fourteenth Amendment guarantees a defendant a trial free from irrelevant and prejudicial evidence. <u>Clark</u>

-13-

v. Duck worth, 906 F.2d 1174

Mr. Brady's failure to object allowed Prosecutor
Adkins to introduce irrelevant evidence of doorags,
gloves and photographs that he could not connect
to the robbery. Counsel's failure to have the
inadmissible evidence excluded was a crucial error,
since the defense was alibi and the defense theory
was the state had no evidence connecting the defendant
with the crime charged. Mr. Brady failed to preserve
the error for appeal. The doorags and gloves were
such an influence, the sentencing judge denied the
defendant's motion for Judgment of Aquittal because
of the evidence. (EX. 26 Ln 17-22) (EX27 Ln 16-21) Mr.
Brady mentioned that no one identified the other
doorags in his direct appeal (EX 28) but failed
to raise a separate and independant argument after
being requested to do so by the defendant. (EX29)
Mr. Brady's performance was negligent for the omission.

Mr. Brady was also ineffective for failing to
impeach Det. Hudson's trial testimony. Det. Hudson's
trial testimony that the doorags and gloves were
evidence went unchallenged and Mr. Brady's failure
to impeach it with his preliminary hearing testimony,
rendered the trial testimony completely trustworthy.
A lawyer who fails adequately to investigate and to
introduce into evidence, records that demonstrate

-14-

his clients factual innocence or that raise sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance. <u>Hart v. Gomez</u>, 174 F.3d 1067

Mr. Brady's ineffectiveness at trial allowed the State to submit irrelevant and inadmissible evidence to the jury to consider the defendant's guilt. Mr. Brady's failure to have the evidence excluded permitted the jury to speculate that the defendant was guilty because he possessed the means to commit the crime. Evidence that causes speculation is barred because speculation creates prejudice. <u>Farmer v. State</u>, Del. Supr. 698 A.2d 946 (1997)

Mr. Brady's ineffectiveness allowed Det. Hudson's trial testimony to undermine a significant element in Cubbage's defense -- that the State had no evidence connecting him to the Burger King robbery. The testimony of a police officer is given credence by the members of the jury. <u>Curran v. State</u>, 259 F.2d 707    Where the false testimony is that of a high ranking police officer in active charge of the criminal investigation, it cannot be said the testimony was immaterial to the outcome. <u>Curran v. State</u>, 259 F.2d 707    Det. Hudson's omitted preliminary hearing testimony jeopardizes the reliability of the trial and undermines the confidence in the results of the proceedings. If the jury had been provided with Det. Hudson's preliminary hearing testimony

that he had no physical or identification evidence against the defendant and the only evidence he had were the statements of the codefendants, there is a reasonable probability that Cubbage's defense of alibi would have been successful.

The State violated Cubbage's due process rights to a fair trial, a trial free from irrelevant and prejudicial evidence guaranteed by the 14th Amendment and Cubbage was denied his Sixth Amendment right to effective assistance of counsel. The Court should grant Cubbage's motion for Habeas Corpus relief.

## Claim FOUR:

Delaware law clearly recognizes that the State may not comment on a defendant's exercise of the right to remain silent. Shantz v. State, Del. Supr. 344 A.2d 245 and Bowe v. State, Del. Supr. 514 A.2d 408 (1986)

Here, Cubbage was given Miranda warnings and waived them. (Ex 30 Ln 21-22) "This does not mean that any time a defendant makes any post-arrest statement, the door is open to full cross-examination about the defendant's failure to recount the exculpatory trial story earlier." Grieco v. Hall, 641 F.2d 1029 (1st Cir. 1981) and United States v. GHiz, 491 F.2d 599 The Tenth Circuit explained in Greer, the wording of the prosecutor's question "Why didn't you tell this story to anybody when you got arrested?", made plain that the defendant actually had exercised his Miranda rights. United States v. Oliver, 278 F.3d 1035 (10th Cir. 2001)

Prosecutor Adkins question to Cubbage, did he ever think at that time during the interview to tell Det. Hudson that he was with Trineina made it clear that Cubbage had exercised his Miranda rights. (EX 32 Ln 7-23) (EX 33 Ln 1-18) A state prosecutor may not seek to impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining the defendant about his failure to have told the story after receiving Miranda warnings at time of his arrest; Use of a defendant's post-arrest silence in such a manner violates due process. (EX 30 Ln. 1-3) U.S.C.A. Const. Amends. 5, 14; Doyle v. Ohio, 426 U.S. 610

When a person under arrest is informed, as Miranda requires, that he may remain silent, that anything he says may be used against him and that he may have an attorney if he wishes, it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at the time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony. United States v. Hale, 422 U.S. 171, 95 S. Ct. 2133 45 L. Ed. 2d 99 (1975) The trial judge granted the state permission because Cubbage failed to inform Det. Hudson that he is with his girlfriend and that is the way it's usually handled. (EX 30 Ln 22-23) (EX 31 Ln 1-5 and 14-18) The trial court ruling was inconsistent with

the Supreme Court ruling in <u>United States v. Hale</u>, 422 U.S. 171, 95 S. Ct. 2133 45 L.Ed.2d 99 (1975) ; <u>Doyle v. Ohio</u>, 426 U.S. 610 and <u>Bowe v. State</u>, Del. Supr. 514 A.2d 408 (1986) An arrestee is under no duty to speak and has been advised by government authorities that he has a right to remain silent and that anything he does say can and will be used against him in Court. <u>United States v. Hale</u>, 422 U.S. 171, 95 S. Ct. 2133 45 L.Ed.2d 99 (1975) Cubbage testified that he failed to tell his version earlier because he felt that Det. Hudson already had his mind set that he was guilty and he rather talk with a lawyer and deal with a judge and jury. (EX 33 Ln. 9-18) The Supreme Court noted that many reasons often influence a defendant's decision to remain mute. A defendant's failure to offer an explanation could as easily be taken to indicate reliance on his right to remain silent and may be prejudicial error for the trial court to permit cross-examination of the defendant concerning his silence. Permitting the defendant to explain the reasons for his silence is unlikely to overcome the strong negative inference that the jury is likely to draw from the fact that the defendant remained silent at the time of his arrest. <u>United States v. Hale</u>, 422 U.S. 171, 95 S. Ct. 2133 45 L.Ed.2d 99 (1975)

Cubbage's Case is distinguishable from that of defendant's Hassine in <u>Hassine v. Zimmerman</u>, 160 F.3d 941 (3d Cir. 1998) Cubbage never testified that he

Cooperated fully with the police or his attorney made him available and the State never introduced evidence of tape statements of Cubbage asking witnesses what they said to police or coaching witnesses what to say. The colloquy between prosecutor Adkins and the trial judge and the cross-examination of Cubbage refers specifically to the interview and Cubbage's failure to tell the police about his alibi. There is no other cross-examination about what Cubbage did following arrest. If the state fails to establish a threshold inconsistency between silence at the police station and later exculpatory testimony at trial, proof of silence lacks any significant probative value and must therefore be excluded. <u>United States v. Hale</u>, 422 U.S. 171, 95 S.Ct. 2133 45 L.Ed.2d 99 (1975) Here, the jury was allowed to consider Cubbage's Constitutional protected right to silence as evidence of his guilt.

### Ineffective Assistance of Counsel:

Mr. Brady was ineffective for failing to request jury instructions. After Cubbage testified that his failure to assert his version earlier because he rather talk to a lawyer and deal with a judge and jury, Mr. Brady never requested a limiting instructions that the jury couldn't use Cubbage's silence as evidence of his guilt. <u>U.S. v. Oliver</u>, 278 F.3d 1035; <u>Greer v. Miller</u>, 483 U.S. 756, 764 107 S.Ct. 3102, 97 L.Ed.2d 618 and <u>United States v. Curtis</u>, 644 F.2d 263  Mr. Brady's ineffective at trial allowed the prosecutor to imply

of improper impeachment.

The State violated Cubbage's due process rights to a fair trial guaranteed by the 14th Amendment and his constitutional right to silence guaranteed by the 5th and 14th Amendment. Mr. Brady also violated Cubbage's right to a fair trial and effective assistance of counsel. The Court should grant Cubbage's motion for Habeas Corpus relief.

Claim FIVE:

Mr. Brady was ineffective for failing to prepare for trial. The Third Circuit has declared that " it is the duty of every lawyer to conduct a prompt investigation of the circumstances .... relevant to the guilt of their client. <u>United States v. Baynes</u>, 687 F.2d 659 (3d Cir. 1982) Cubbage requested Mr. Brady to file for discovery once he became Cubbage's attorney (EX 34, 35 ) An attorney must conduct pre-trial investigation of both law and facts governing their case, for without such Knowledge it becomes impossible for them to function effectively as an advocate. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984) and <u>United States V. Gray</u>, 878 F.2d 702 Mr. Brady's failure to obtain Wilson's statement, he was unable to advise Cubbage if the state had sufficient evidence to convict him or not and was

Unable to advise Cubbage with the respect to the advisability of a trial or not. Stano v. Dugger, 884 F.2d 962  Mr. Brady's failure to receive discovery, he was unable to negotiate a plea deal or advise Cubbage to take the four year plea deal the State had offered. (Ex 17) An attorney's responsibility is to investigate and to evaluate his Clients options in the cause of the subject legal proceeding and then to advise the client of the merit of each. Tafero v. Wainwright, 796 F.2d 1314 (11th Cir. 1986) 483 U.S. 1033 107 S. Ct. 3277 97 L.Ed.2d 782 and Thompson v. Wainwright, 787 F.2d 1447 (11th Cir. 1986) 483 U.S. 1033 107 S. Ct. 3277 97 L.Ed.2d 782 (1982)  Mr. Brady was unable to provide any meaningful legal assistance during a critical stage of the proceeding. Stano v. Dugger, 884 F.2d 962  Failure to Conduct any pretrial investigation constitutes clear instance of ineffectiveness. United States v. Gray, 878 F.2d 702

Mr. Brady was ineffective for failing to object to the admissibility of Wilson's testimony concerning the red and white doorag. Mr. Brady's failure to object allowed the State to surprise the defense at trial. The State's discovery stated that Wilson substantially corroborated Lewis' version and the main inconsistency was they each claimed the other had the gun. (Ex 10) Wilson's testimony concerning the red and white doorag undermined a significant element in Cubbage's defense -- that the State didn't possess any evidence connecting him to the Burger King robbery. Once the testimony was admitted, Mr. Brady should had

impeached Wilson with Det. Hudson's preliminary hearing testimony that the only evidence he had against Cubbage was the codefendant's statements. (EX Ln 12-21)

There exist a reasonable probability that had Mr. Brady motioned the court to exclude the surprise testimony of the red and white doorag, the defense of alibi would have been successful. The jury would had to evaluate the testimonial evidence of the State and defense witnesses. There also exist that a different outcome would have resulted if Mr. Brady had submitted Det. Hudson's preliminary hearing testimony. The preliminary hearing testimony would have corroborated the defense theory and cast doubt on Wilson's testimony.

Mr. Brady denied the defendant a fair trial and effective assistance of counsel. The Court Should grant Cubbage's Motion for Habeas Corpus relief.

Claim SIX:

The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witness against him. This right is secured for defendant's in State as well as federal criminal proceedings. Pointer V. Texas, 380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965) Cubbage's right to confrontation is

paramount to the State's policy protecting juvenile offenders. <u>Davis v. Alaska</u>, 415 U.S. 308, 94 S. Ct. 1108 39 L.Ed.2d 347 (1974)  Wilson, a Key state witness, was the only witness whose testimony provided a direct link between Cubbage and the Burger King robbery. Wilson who testified that he never been in trouble like this before created an erroneous impression in the minds of the jurors that he had never had any police contact. <u>United States v. Caniff</u>, 521 F.2d 565  A witness cannot testify falsely and then expect to hide behind the shield protecting juvenile adjudications. See <u>Daron v. State</u>, Del. Supr. 606 A.2d 743  It was necessary for Cubbage to bring out facts surrounding Wilson's juvenile adjudication.

Mr. Brady's failure to obtain Wilson's criminal history report and impeach his trial testimony denied the defendant a fair trial, his right to confrontation and effective assistance of counsel. The Court should grant Cubbage's motion for Habeas Corpus relief.

## Claim SEVEN

An attorney who fails to introduce into evidence, records that demonstrate his client's factual innocence or that raise sufficient doubt as to that question to undermine confidence

—24—

in the verdict, renders deficient performance.
Hart v. Gomez, 174 F.3d 1067  Det. Hudson's
preliminary hearing testimony, if presented
to the jury, would have corroborated Cubbage's
defense that the State had no evidence against
him connecting him to the Burger King robbery.
except for the statements of the codefendants.
No strategic reason not to impeach Det. Hudson's
trial testimony with his preliminary hearing
testimony.

Given Det. Hudson's testimony that the
doorags and gloves were evidence of the robbery,
had Det. Hudson been impeached with his prior
inconsistent preliminary hearing testimony,
the jury could not have found Cubbage guilty
beyond a reasonable doubt or there would have
been a reasonable probability that its verdict
would have been different. The preliminary
hearing testimony significantly corroborated
Cubbage's defense. The preliminary hearing
testimony would have convinced the jury
that the evidence introduced by the state
wasn't used during the robbery and the red
and white doorag claimed to be worn by

-25-

Wilson was also not used during the robbery. Counsel's failure to introduce the preliminary hearing testimony evidence undermined the confidence in the outcome.

Mr. Brady denied the defendant a fair trial and effective assistance of counsel. The Court should grant Cubbage's motion for Habeas Corpus relief.


Claim EIGHT

Where a defendant on appeal urges his counsel to make a nonfrivolous argument, appointed counsel has a duty not only to raise such a nonfrivolous argument but to advocate it conscientiously on appeal. Barnes v. Jones, 665 F.2d 427  When defendant request that counsel raise additional colorable points, counsel must argue the additional points to the full extent of his professional ability. High v. Rhay, 519 F.2d at 112  Here Cubbage requested Mr. Brady to raise on direct appeal, the State's failure to disclose Wilson's statement (Ex 29) and he neglected to do so. The undisclosed testimony prevented Mr. Brady from advising Cubbage as to whether the State had sufficient evidence to convict Cubbage or

not and as Cubbage's counsel, was not prepared to advise Cubbage with respect to the advisibility of a trial or not. Stano v. Dugger, 884 F.2d 962   The misleading discovery disclosed by the State to the defense prevented Mr. Brady from providing Cubbage with any meaningful legal assistance and assisting the accused during a critical stage of the proceeding. Stano v. Dugger, 884 F.2d 962   Counsel's unwillingness to present particular arguments on defendant's request not only abridge's defendant's right to counsel on appeal but also limits defendant's constitutional right of equal access to appellate process. Barnes v. Jones, 665 F.2d 427

The State's misleading discovery response led the defense into proceeding to trial unprepared. The State violated the defendant's right to a fair trial Benson v. State, 395 A.2d 361 ; a trial free from surprise State v. Darcy, R.I. 442 A.2d 900 ; to establish the best available defense State v. Patriarca, 112 R.I. 14, 37 308 A.2d 300, 315 (1973) and his right to effective assistance of counsel. Delahunt v. State, 440 A.2d 133 (R.I. 1982) When substantial rights

-27-

of a defendant is prejudiced, reversal is justified.
United States v. Arcentales, 532 F.2d 1046 (5th Cir.1976)
The Supreme Court in Johnson v. State, Del. Supr.
550 A.2d 903 and Skinner v. State, Del. Supr. 575
A.2d 1108 reversed when the substantial rights of
the defendant was violated due to discovery
violation.

## Conclusion

For the foregoing reasons, the petition
should be granted.

Javid L Cubbage
Javid L. Cubbage
Pro-se 271683
1181 Paddock Rd
Smyrna, De. 19977

October 24, 2006

## Certificate of Service

I, David Cubbage, hereby certify that I have served a true
And correct cop(ies) of the attached: Reply of Movant David Cubbage to
Respondent's Answer upon the following
parties/person (s):

TO: District Court
844 N. King St.
Lock box 18
Wilmington , De. 19801
_____

TO: Thomas Carroll and
Carl Danberg
Dept. of Justice
Carvel State Building
820 North French St.
Wilmington , De. 19801

TO:_____
_____
_____
_____
_____

TO: _____
_____
_____
_____
_____

**BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.**

On this 24 day of October ,200 6

David L Cubbage



IM  David Cubbage
SBI# 271683    UNIT  DW
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

$05.60⁰

District Court
844 N. King St
Lockbox  18
Wilmington , De. 19801