UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

David Cubbage_____,  )
                            )
        Petitioner,          )          D.C. Case No. 05 - 798 - GMS
                            )
        v.                   )          Third Cir. No. _____
                            )
Perry Phelps_____, Warden, )
Delaware Correctional Center, and Attorney )
General of the State of Delaware, Joseph )        FILED
Biden III_____   )
                            )
        Respondent.          )

Petition for Certificate of Appealability

To the Honorable Circuit Judges of the United States Court of Appeals for the Third Circuit:

The petition of _David L Cubbage_____ respectfully shows:

1.    That petitioner made application to the Honorable _Gregory M Sleet_.

Judge of the United States District Court of Delaware on ___11 - 17 - 2005_____

for a writ of habeas corpus. A copy of which application is attached.

2.    The said Judge of said United States District Court denied petitioner's application

for a writ of habeas corpus by an order dated ___4 - 16 - 2008_____. A copy of

which is attached.

3.    Petitioner filed a notice of **appeal** from said order in said district court on

_4 - 29 - 2008_____. A copy of said notice of **appeal** is attached.

4.    The detention complained of by your petition in his application for a writ of

habeas    corpus    arose    out    of    process    issued    by    a    state    court,    to    wit:

_See attached page_____

5.    The above-named Judge of said United States District Court has refused to issue a Certificate of Appealability upon petitioner's application for writ of habeas corpus for the reasons stated in his/her order dated _4 - 16 - 2008_ denying petitioner's petition for a Certificate of Appealability. A copy of said order is attached.

6.    Under Rule 22(b) of the Federal Rules of Appellate Procedure, it is necessary for a Certificate of Appealability to be issued before the petitioner may appeal to this court from the denial of his application for a writ of habeas corpus.

7.    In addition to the reasons stated in petitioner's application for a writ of habeas corpus, a Certificate of Appealability should be issued for the following reasons:

_Jurists of reason would find it debatable whether the_
_Court was correct in its procedure ruling  Slack v._
_Mc Daniel  529 U.S. 473, 484 (2000)_

Wherefore, your petitioner respectfully request that a Certificate of Appealability be issued.

Dated: _4-29-2008_

Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

· ① Defendant's Due Process of Law of the Fourteenth Amendment of the United States Constitution Was Violated When the Defense Was Misled Into Proceeding To Trial Un Prepared Because of Non disclosure

② Defendant's Right To Confrontation That Is Guaranteed By the Sixth Amendment of the United States Constitution Was Violated When the Trial Judge Abuse Its Discretion And Limited the Cross-Examination of A Co-defendant

③ Defendant's Due Process of Law That's Guaranteed By the Fourteenth Amendment of the United States Constitution Was Violated When the Prosecutor Submitted False And Prejudicial Evidence To Gain A Conviction

④ Defendant's Due Process of Law Guaranteed By the Fifth And Fourteenth Amendment of the United States Constitution Was Violated Due To Prosecutor Misconduct of Impermissible Cross-Examination On Defendant's Post-Arrest Silence

⑤ Defendant Was Denied Effective Assistance of Counsel Guaranteed By the Sixth Amendment of the United States Constitution Due To Counsel's Failure To Investigate And Prepare For Trial

⑥ Defendant Was Denied Effective Assistance of Counsel Guaranteed By the Sixth Amendment of the United States Constitution Due To Counsel's Failure to Obtain Criminal Record of A Co-defendant

⑦ Defendant was Denied Effective Assistance of Counsel Guaranteed By the Sixth Amendment of the United States Constitution Due To Defense Counsel's Failure to Impeach Detective Hudson's Trial Testimony

⑧ Defendant was Denied Effective Assistance of Counsel Guaranteed By the Sixth Amendment of the United States Constitution Due to Counsel's Failure to Raise Issue On Direct Appeal of Prosecutor Failure to Disclose Evidence Under Its Rule 16 Obligations

## Certificate of Service

I, David Cobbage _____,hereby certify that I have served a true

And correct cop(ies) of the attached: Petition for Certificate of

Appealability _____ upon the following

parties/person (s):

TO: United States Court of Appeals

for Third Circuit

United States Courthouse

601 Market St

Philadelphia , Pa 19106


TO: United States District Court

for the District of Delaware

J Caleb Boggs Building

844 King St

Lock Box 18

Wilmington ,De. 19801


TO:_____

_____

_____

_____

_____


TO:_____

_____

_____

_____

_____


BY PLACING SAME IN A SEALED ENVELOPE, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this ___5___ day of ___May___ _____,200 8

_____

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Delaware |
|---|---|
| Name (under which you were convicted)<br>JARID L. CUBBAGE | Docket or Case No.:<br>1:05-cv-798 GMS |
| Place of Confinement:<br>Delaware Correctional Center | Prisoner No.:<br>SBI 00271683 |

Petitioner (include the name under which you were convicted)

JARID L. CUBBAGE

Respondent (authorized person having custody of petitioner)

v. THOMAS CARROLL, Warden, Delaware Correctional Center

The Attorney General of the State of Delaware

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   Superior Court of the State of Delaware, Sussex County, Georgetown, De. 19947

   (b) Criminal docket or case number (if you know): 0302007080

2. (a) Date of the judgment of conviction (if you know): October 8, 2002

   (b) Date of sentencing: December 6, 2002

3. Length of sentence: 8 years at Level 5

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒ No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _____
   Robbery 1st - 20 years suspended after six years at level 5
   PDWDCF - 2 years at Level 5
   Conspiracy 2nd - 1 year at Level 1 probation
   Wearing Disguise During Commission of Felony - 2yrs at Level 2 probation

6. (a) What was your plea? (Check one)

   (1)  Not guilty ☒          (3)  Nolo contendere (no contest) ☐

   (2)  Guilty ☐              (4)  Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?_____

   N/A

(c) If you went to trial. what kind of trial did you have? (Check one)

Jury ☒     Judge only ❏

7.  Did you testify at a pretrial hearing. trial. or a post-trial hearing?

Yes ☒  No ❏

8.  Did you appeal from the judgment of conviction?

Yes ☒  No ❏

9.  If you did appeal. answer the following:

(a) Name of court: Supreme Court of Delaware

(b) Docket or case number (if you know): 005 , 2003

(c) Result: Conviction and Sentence were affirmed

(d) Date of result (if you know): June 25, 2003

(e) Citation to the case (if you know): Cubbage v. State, Del. Supr., 827 A.2d 30

(f) Grounds raised: ① The Trial Court Improperly Denied The Defendant's Motion For Judgment Of Acquittal and ② The Evidence Presented Was Insufficient To Sustain The Convictions Against The Defendant

(g) Did you seek further review by a higher state court?   Yes ❏  No ☒

If yes, answer the following:

(1) Name of court: N/A

(2) Docket or case number (if you know): N/A

(3) Result: N/A

(4) Date of result (if you know): N/A

(5) Citation to the case (if you know): N/A

(6) Grounds raised: N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❏  No ☒

If yes, answer the following:

(1) Docket or case number (if you know): N/A

Page 4

(2) Result: _____ N/A

(3) Date of result (if you know): _____ N/A

(4) Citation to the case (if you know): _____ N/A

10. Other than the direct appeals listed above, have you previously filed any other petitions,
applications, or motions concerning this judgment of conviction in any state court?

Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Superior Court of the State of Delaware, Sussex County

(2) Docket or case number (if you know): 0203007080

(3) Date of filing (if you know): April 27, 2004

(4) Nature of the proceeding: Post-Conviction Relief pursuant to Rule 61

(5) Grounds raised: See Attachment "A"

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or
motion?        Yes ☐  No ☒

(7) Result: _____ N/A

(8) Date of result (if you know): _____ N/A

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❑  No ☒

(7) Result: _____ $N/A$

(8) Date of result (if you know): _____ $N/A$

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____ $N/A$

(2) Docket or case number (if you know): _____ $N/A$

(3) Date of filing (if you know): _____ $N/A$

(4) Nature of the proceeding: _____ $N/A$

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ❑ No ☒

(7) Result: _____ $N/A$

(8) Date of result (if you know): _____ $N/A$

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☒  No ❑

(2) Second petition:  Yes ❑  No ☒

(3) Third petition:   Yes ❑  No ☒

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

$N/A$

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: The defendant's Due Process of Law was violated when the defense was misled into proceeding to trial unprepared

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The State filed two discovery response with the defense that did not disclose the interview between Detective Hudson and Codefendant William Wilson. At trial, the State entered Wilson's Statements into evidence without first disclosing them to the defense.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) Direct Appeal of Ground One:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ☐   No ☒

   (2) If you did not raise this issue in your direct appeal, explain why: I was represented by Counsel. Superior Court Criminal Rule 47

(d) Post-Conviction Proceedings:

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☒   No ☐

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: Post-Conviction Motion

   Name and location of the court where the motion or petition was filed: Superior Court of Delaware, Sussex County, Georgetown, De. 19947

Page 7

Docket or case number (if you know): 0 20 200 7080

Date of the court's decision: April 13, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and
Sentence were affirmed

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of
Delaware     Dover, De. 19901

Docket or case number (if you know): Cubbage v. State    168, 2005

Date of the court's decision: September 20, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and
Sentence were affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____ N/A _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

GROUND TWO: The defendant's Right to Confrontation was violated when
the trial judge limited the cross-examination of a codefendant

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The trial judge limited the cross-examination of codefendant
Wilson about the 2-21-02 interview between him and Detective
Hudson after Wilson testified he admitted his involvement,
talked about the incident and he told the truth during this

interview and prohibited the defense from questioning Wilson about the interview

(b) If you did not exhaust your state remedies on Ground Two, explain why: __N/A__

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: I was represented by Counsel. Superior Court Criminal Rule 47

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction motion

Name and location of the court where the motion or petition was filed: Superior Court of the State of Delaware, Sussex County, Georgetown, De. 19947

Docket or case number (if you know): 0202007080

Date of the court's decision: April 13, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware      Dover, De. 19901

Page 9

Docket or case number (if you know): Cubbage V. State , 168 , 2005

Date of the court's decision: September 20, 2005

Result (attach a copy of the court's opinion or order. if available): Conviction and Sentence affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ____ N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus. administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____
N/A

GROUND THREE: The defendant's Due Process of Law was violated When the State Submitted false and prejudicial evidence to gain a conviction

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
The prosecutor Submitted doorags and gloves plus pictures of these items which was not connected to the crime into evidence after his own witness, Detective Hudson, had previously testified that the only evidence he had against the defendant was the codefendant's statements

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?
   Yes ☐ No ☑

   (2) If you did not raise this issue in your direct appeal, explain why: I was represented by Counsel. Superior Court Criminal Rule 47

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Motion

Name and location of the court where the motion or petition was filed: Superior Court of the State of Delaware, Sussex County, Georgetown, De. 19947

Docket or case number (if you know): 0203007080

Date of the court's decision: April 13, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(3) Did you receive a hearing on your motion or petition?
Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?
Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware    Dover, De. 19901

Docket or case number (if you know): Cubbage v. State    168, 2005

Date of the court's decision: September 20, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

GROUND FOUR: The defendant's Due Process of Law was violated due to prosecutor impermissible Cross-examination on defendant's post-arrest Silence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The State was allowed to question the defendant about Why he failed to mention his alibi at the time of his arrest

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☒

(2) If you did not raise this issue in your direct appeal, explain why: I was represented by Counsel. Superior Court Criminal Rule 47

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Motion

Name and location of the court where the motion or petition was filed: Superior Court of the State of Delaware, Sussex County, Georgetown, De. 19947

Docket or case number (if you know): 0202007080

Date of the court's decision: April 13, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☒ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of
Delaware        Dover, De. 19901

Docket or case number (if you know): Cubbage v. State     168, 2005

Date of the court's decision: September 20, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and
Sentence affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____ N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____
_____ N/A

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest
state court having jurisdiction?    Yes ☒ No ☐

If your answer is "No," state which grounds have not been so presented and give your
reason(s) for not presenting them: _____ N/A

(b) Is there any ground in this petition that has not been presented in some state or federal
court? If so, which ground or grounds have not been presented, and state your reasons for
not presenting them: _____ N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding
the conviction that you challenge in this petition?    Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

_____ N/A _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ☐   No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____ N/A _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Thomas Barnett          512 East Market St.
Georgetown, De. 19947

(b) At arraignment and plea: Thomas Barnett          512 East Market St.
Georgetown, De. 19947

(c) At trial: John Brady          P.O. Box 251          Georgetown, De. 19947

(d) At sentencing: John Brady          P.O. Box 251          Georgetown, De. 19947

(e) On appeal: John Brady          P.O. Box 251          Georgetown, De. 19947

(f) In any post-conviction proceeding: Jacid Cubbage          Pro-se
1181 Paddock Rd.   Smyrna, De. 19947

(g) On appeal from any ruling against you in a post-conviction proceeding: Jacid Cubbage
Pro-Se   1181 Paddock Rd.   Smyrna, De. 19947

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐   No ☒

Page 14

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____ N/A _____

(b) Give the date the other sentence was imposed: _____ N/A _____

(c) Give the length of the other sentence: _____ N/A _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☒

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* The time during which a property filed application for State Post-Conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this Subsection

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Page 15

Therefore, petitioner asks that the Court grant the following relief: See Attachment "F"

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
December 22, 2005 (month, date, year).

Executed (signed) on 12-22-05 (date).

_____

Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in
violation of the Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

If the person signing is not petitioner. state relationship to petitioner and explain why petitioner is not signing this petition. _____ N | A _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

11. (a) (5) Grounds raised:

1. The defendant's Due Process of Law was violated when the defense was misled into proceeding into trial unprepared because of non-disclosure

2. The defendant's Right to Confrontation was violated when the Trial Judge abused its discretion and limited the cross-examination of a Codefendant

3. The defendant's Due Process of Law was violated when the State submitted false and prejudicial evidence to gain a conviction

4. The defendant's Due Process of Law was violated when the State solicited false testimony from the Chief investigating officer

5. The defendant's Due Process of Law was violated due to prosecutor misconduct of impermissible cross-examination on defendant's Post-arrest Silence

6. Ineffective assistance of Counsel: Defense attorney failed to prepare for trial

7. Ineffective assistance of Counsel: Defense attorney failed to obtain criminal record of a Codefendant

8. Ineffective assistance of Counsel: Defense attorney failed to impeach Detective Hudson's trial testimony

9. Ineffective assistance of Counsel: Defense attorney failed to raise issue of prosecutor's failure to disclose statements under Rule 16 on direct appeal


Attachment "A"

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

Ground Five : Ineffective assistance of counsel: Defense attorney failed to prepare for trial

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Mr. Brady failed to investigate and prepare for trial. Mr. Brady failed to file for discovery to obtain codefendant Wilson's statements after being asked by defendant and the defense was unable to prepare a defense for Wilson's damaging trial testimony

(b) If you did not exhaust your state remedies on Ground Five explain why: N/A

(c) **Direct Appeal of Ground Five**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of Counsel cannot be raised on direct appeal.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction motion

Name and location of the court where the motion or petition was filed: Superior Court of the State of Delaware, Sussex County, Georgetown, De. 19947

Attachment "B"

Docket or case number (if you know): 0202007080

Date of the court's decision: April 13, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes." did you raise this issue in the appeal?

Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware  Dover, De. 19901

Docket or case number (if you know): Cubbage v. State, 168, 2005

Date of the court's decision: September 20, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five. N/A

GROUND Six: Ineffective assistance of counsel: Defense attorney failed to obtain criminal record of a codefendant

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Mr. Brady failed to investigate and prepare for trial by failing to obtain Wilson's criminal record which has a conviction for shoplifting and could have impeached Wilson's trial testimony

Attachment "C"

·

_____
_____
_____

(b) If you did not exhaust your state remedies on Ground Six, explain why: ___N/A___

_____
_____
_____

(c) **Direct Appeal of Ground Six**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☒

    (2) If you did not raise this issue in your direct appeal, explain why: Ineffective
assistance of Counsel cannot be raised on direct appeal

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?

        Yes ☒  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Post Conviction motion

    Name and location of the court where the motion or petition was filed: Superior Court of
the State of Delaware, Sussex County, Georgetown, De. 19947

    Docket or case number (if you know): 0202007080

    Date of the court's decision: April 13, 2005

    Result (attach a copy of the court's opinion or order, if available): Conviction and
Sentence affirmed

    (3) Did you receive a hearing on your motion or petition?

        Yes ☐  No ☒

    (4) Did you appeal from the denial of your motion or petition?

        Yes ☒  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☒  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Supreme Court of
Delaware   Dover, De. 19901

Attachment "D"

Docket or case number (if you know): Cabbage v. State, 168, 2005

Date of the court's decision: September 20, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six : N/A

GROUND Seven:: Ineffective assistance of Counsel: Defense attorney failed to impeach Detective Hudson's trial testimony

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Mr. Brady failed to impeach Detective Hudson's trial testimony that the bag of items were evidence with his prior preliminary hearing testimony that the only evidence he had against the defendant, as far as physical or identification evidence, was the statements of the codefendants.

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Seven**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of Counsel cannot be raised on direct appeal

Attachment "E"

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Post - Conviction Motion_

Name and location of the court where the motion or petition was filed: _Superior Court of the State of Delaware , Sussex County , Georgetown , De. 19947_

Docket or case number (if you know): _0202007080_

Date of the court's decision: _April 13, 2005_

Result (attach a copy of the court's opinion or order, if available): _Conviction and Sentence affirmed_

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☒  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☒  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Supreme Court of Delaware     Dover , De. 19901_

Docket or case number (if you know): _Cubbage v. State , 168 , 2005_

Date of the court's decision: _September 20, 2005_

Result (attach a copy of the court's opinion or order, if available): _Conviction and Sentence affirmed_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ _N/A_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Seven: _N/A_

Attachment "F"

GROUND eight  Ineffective assistance of counsel: Defense
attorney failed to raise issue of prosecutor's failure to disclose under Rule 16 on direct appeal

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Mr. Brady failed to raise the State's failure to disclose Statements under Rule on direct appeal after being asked by the defendant to raise the issue

(b) If you did not exhaust your state remedies on Ground eight, explain why: _____ N/A

(c) **Direct Appeal of Ground** eight.

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective assistance of counsel cannot be raised on direct appeal

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post-Conviction Motion

Name and location of the court where the motion or petition was filed: Superior Court of the State of Delaware, Sussex County, Georgetown, De. 19947

Docket or case number (if you know): 0203007080

Date of the court's decision: April 13, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

Attachment "G"

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court of Delaware Dover, De. 19901

Docket or case number (if you know): Cubbage v. State, 168, 2005

Date of the court's decision: September 20, 2005

Result (attach a copy of the court's opinion or order, if available): Conviction and Sentence affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____ N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Eight _____ N/A

Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☑   No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____ N/A

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____ N/A

. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐   No ☑

Attachment "H"

Therefore, petitioner asks that the Court grant the following relief:

1. Order an evidentiary hearing and appoint Counsel for the petitioner;

2. Grant the writ of habeas Corpus, reverse Petitioner's Conviction, and order a new trial;

3. Petitioner reserves the right to amend | Supplement this Motion with a memorandum of law; and

4. Grant all other appropriate relief

Attachment "I"

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JARID L. CUBBAGE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-798-GMS |
| | ) | |
| PERRY PHELPS, Warden, | ) | |
| and JOSEPH J. BIDEN, III, Attorney | ) | |
| General of the State of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Petitioner Jarid L. Cubbage's petition for the writ of habeas corpus filed pursuant to 28 U.S.C § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2; D.I. 8.)

2. The court declines to issue a certificate of appealability for failure to satisfy 28 U.S.C. § 2253(c)(2) .

Dated: _____ , 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE

```
┌─────────────────────────┐
│        FILED            │
│                         │
│      APR 1 6 2008       │
│                         │
│   U.S. DISTRICT COURT   │
│  DISTRICT OF DELAWARE   │
└─────────────────────────┘
```

## NOTICE OF APPEAL
### TO
### U.S. COURT OF APPEALS, THIRD CIRCUIT


U.S. District Court for the District of Delaware

CIRCUIT COURT
DOCKET NUMBER: _____
(leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

DISTRICT COURT
DOCKET NUMBER: 05 - 798 - GMS

Jarid Cubbage

v.

DISTRICT COURT
JUDGE: Gregory M. Sleet

Perry Phelps, Warden

Notice is hereby given that   Jarid Cubbage
(Named Party)

appeals to the United States Court of Appeals for the Third Circuit from [ ] Judgment, [ ] Order,

[ ] Other (specify)   Memorandum Opinion
_____

entered in this action on   April 16, 2008
(date)

Dated: April 29, 2008

_Jul L Culbye , Pro-Se_
(Counsel for Appellant-Signature)

| | |
|---|---|
| (Name of Counsel - Typed) | (Counsel for Appellee) |
| (Address) | (Address) |
| (City, State Zip) | (City, State Zip) |
| (Telephone Number) | (Telephone Number) |

NOTE: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the
Notice of Appeal sheet.